BEFORE THE SECOND DIVISION, OCTOBER 15, 1953

No. 57542.—J. E. Bernard & Company, Inc. v. United States, protests 177160–K/3471 and 181027–K/3587 (Chicago).

LAWRENCE, Judge: In these proceedings, two protests were consolidated for trial. The merchandise to which the protests relate is described on the invoices variously as "Ironer Parts," "Ironer Wings and Extension Board Support Plates," and "25,000 ft. Element to Line Wire."

The collector of customs classified the merchandise as articles or wares, composed wholly or in chief value of metal, but not plated with platinum, gold, silver, or colored with gold lacquer, and assessed duty thereon at the rate of 22½ per centum ad valorem in accordance with the terms of paragraph 397 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 397), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802.

It is the contention of plaintiff that the importations in controversy are parts of articles having essential electrical features or devices and dutiable at the rate of 15 per centum ad valorem pursuant to the provisions of paragraph 353 of said act (19 U. S. C. § 1001, par. 353), as modified by said trade agreement.

THE STATUTES

Paragraph 397, as modified, supra:

Articles or wares not specially provided for, whether partly or wholly manufactured:

\*     \*     \*     \*     \*     \*     \*

    Composed wholly or in chief value of * * * metal (not including platinum, gold, or silver), but not plated with platinum, gold, or silver, or colored with gold lacquer:

      \*     \*     \*     \*     \*     \*     \*

      Other (except slide fasteners and parts thereof)__ 22½% ad val.

Paragraph 353, as modified, supra:

Articles suitable for producing, rectifying, modifying, controlling, or distributing electrical energy, and articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs; all the foregoing (not including electrical wiring apparatus, instruments, and devices), finished or unfinished, wholly or in chief value of metal, and not specially provided for:

    \*     \*     \*     \*     \*     \*     \*

Other articles (except machines for determining the strength    15% ad val. of materials or articles in tension, compression, torsion, or shear; flashlights; batteries; vacuum cleaners; and internal-combustion engines).

Parts, finished or unfinished, wholly or in chief value of    The same rate of duty metal, not specially provided for, of articles provided     as the articles of for in any item 353 of this Part.        which they are parts.

The following questions are presented for our determination: (1) Are the instant articles parts of articles having as an essential feature an electrical element or device, or are they parts of household utensils; (2) if they are parts of household utensils, for which there is no provision in paragraph 339 of said tariff act (19 U. S. C. § 1001, par. 339), should they be classified as articles or wares, not specially provided for, composed wholly or in chief value of metal, as provided in

paragraph 397, *supra*, or should they be classified as parts of articles having as an essential feature an electrical element or device, as provided in paragraph 353, *supra*?

At the trial, the record made in protests 162855–K and 170790–K, decided concurrently herewith (*J. E. Bernard & Company, Inc.* v. *United States*, 31 Cust. Ct. 86, C. D. 1548), was incorporated herein. In the combined records, the only testimony introduced was that of Frank Pollaczek who was called by the plaintiff. He identified a sample of the imported articles, referred to on the invoices as ironer parts or ironer wings and extension board support plates, which was received in evidence as exhibit 1–A, shown to be the same as exhibit 1 in the companion case, *supra*, except that exhibit 1–A is imported "without the hardware; what we call the hardware; these little brakeheads, to meet the wing in order to complete it." It is not disputed that exhibits 1 and 1–A are put to the same use.

The testimony of the witness shows that the extension boards after importation are painted and then assembled to form part of ironing machines known as gladirons, illustrated by exhibit 2. As in the companion case, the electrical features of the gladirons are the motor which drives the roll and the heating element in the shoe above the roll which does the pressing when the gladiron is in operation. The so-called wings provide· a platform upon which the operator may smooth material to be ironed before it is placed between the roll and the shoe.

The item described as "25,000 ft. Element to Line Wire," which, in its imported condition, is represented by illustrative exhibit 4, except for the metal tips, is used to complete the connection between the electricity entering the machine and the element to be heated in the shoe of the machine. This wire is a necessary feature of the gladiron as it supplies the heat without which the machine could not properly function.

It is conceded by defendant in its brief filed herein that "the so-called 'Gladiron' of which the involved articles are parts is essentially an electrical article" and also "that the involved articles are necessary to the completion and proper operation of the ironer" and "that they are parts of articles having as an essential feature an electrical element or device as provided for in Paragraph 353, *supra*," citing *United States* v. *Dryden Rubber Co.*, 22 C. C. P. A. (Customs) 51, T. D. 47050. These concessions are clearly sustained by the record. Obviously, therefore, the imported articles answer the call of paragraph 353, *supra*.

In the brief of defendant, it is further admitted that "the 'Gladiron' is a household utensil as provided for in Paragraph 339, *supra*. (*G. E. Meissner Co.* v. *United States*, T. D. 49556, * * *). It is used solely in the home."

The parties litigant are in agreement that the so-called ironers are household utensils, and the record supports that view. However, the imported articles are parts of household utensils for which there is no provision in said paragraph 339, but inasmuch as they are parts of articles having as an essential feature an electrical element or device they are specifically provided for in said paragraph 353, as modified, *supra*, and for the reasons assigned in the companion case, decided concurrently herewith, we sustain the claim of plaintiff that the articles should be so classified and subject to duty at the rate of 15 per centum ad valorem. That claim in the protests is sustained and judgment will be entered accordingly.